# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY STUART HALAJIAN, | CASE NO. 1:12-cv-00798-LJO-SMS |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION |
| NDEX WEST, L.L.C., et al., | |
| Defendants. | (Doc. 1) |

Plaintiff Barry Stuart Halajian, proceeding *pro se*, seeks to enjoin his eviction from his Fresno County residence ("property") after a trustee's sale of the property by alleging that the foreclosure of his home was invalid under California law. This Court denies Plaintiff's requests for injunctive relief and declaratory relief, and dismisses this action in the absence of viable claims.

**I.      Procedural and Factual Background**

On May 18, 2005, Halajian borrowed $175,200.00 from lender Fremont Investment & Loan, signing an adjustable-rate note in which he promised repay the lender no later than June 1, 2035. The loan was secured by a deed of trust for Halajian's property at 4917 East Sooner Avenue, Fresno, California. Halajian agreed to the terms and covenants of the deed of trust,

-1-

executing it at the same time as the note.  The deed of trust named Fremont General Credit Corporation as the Trustee, and designated Mortgage Electronic Registration Systems, Inc., (MERS) as the nominee for Fremont Investment & Loan, its successors and assigns, to serve as the beneficiary of the deed of trust.

On June 28, 2010, Mortgage Electronic Registration Systems, Inc., as nominee for Fremont Investment & Loan assigned to Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-HE4, Mortgage Pass-Through Certificates, Series 2005-HE4, all beneficial interest in the deed of trust and note executed by Halajian.

On May 17, 2010, ServiceLink, a Division of Chicago Title Company, on behalf of Chase Home Finance, L.L.C., and its agent NDEX West, LLC, filed a notice of default and intention to sell the property as a result of Halajian's failure to make required loan payments from February 1, 2010, and thereafter.

On October 19, 2010, Halajian sent a letter to Chase Home Finance, LLC, P.O. Box 509011, San Diego, California 92150-9011, which was then servicing the note.  The letter claimed to be a "qualified written request/offer of performance for Chase Home Finance, LLC, Creditor Claim/Notice of Intent to enforce rights under State and Federal RICO Title 18 USC Sections 1961, 1962 Et Seq and sections 891-894 for extortionate credit transactions/Loan number [0021483383]."  Doc. 1 at 153.  The letter recited that it was Halajian's "good faith offer of performance to pay any amount of  money you say that I owe up to and including the full amount of the alleged debt" with a condition precedent that Chase accept the offer of performance as outlined in the letter.  Doc. 1 at 153.  The letter stated that "if the offer of performance is not accepted the obligation is extinguished."  Doc. 1 at 153.  In the course of the

extended and convoluted legal discussion that followed, Halajian argued that Chase was a "stranger to the transaction," who was "not entitled to subrogation," since it had failed to produce the original note. Doc. 1 at 155.

The letter explained that to receive the payment offered by Halajian, Chase needed to (1) furnish the original promissory note with Halajian's social security number redacted; (2) produce a full accounting for the debt; (3) "identify by name and address all persons, corporations, associations, or any other parties having an interest in the legal proceedings regarding the alleged debt"; (4) "verify under penalty of perjury, that as a debt collector, you have not purchased evidence of debt and are proceeding with collection activity in the name of the original maker of the note"; (5) "verify under penalty of perjury that you know and understand that certain clauses in a contract of adhesion, such as a so-called forum selection clause, are unenforceable unless the party to whom the contract is extended could have rejected the clause without impunity"; (6) verify that a stranger to a transaction does not have the right of subrogation; (7) provide verification from the stated creditor that you are authorized to act for them; and (8) "verify that you know and understand that contacting me again after receipt of this notice without providing procedurally proper validation of the debt constitutes the use of interstate communications in a scheme of fraud by advancing a writing, which you know is false with the intention that others rely on the written communication to their detriment." Doc. 1 at 156. Halajian concluded the letter:

> I will pay the entire amount of money that you say is due to you in full if you can (1.) validate the debt; (2.) demonstrate that you are requesting payment of debt in legal tender that conforms to the requirements under all provisions of the US Constitution; and (3.) meet all of the requirements set forth in my offer of performance above. Your failure to satisfy this request in accordance with the

requirements of the Fair Debt Collection Practices Act will be construed as an absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorney fees.  Please complete the creditor form attached.

Doc. 1 at 158.

On March 7, 2011, Deutsche Bank filed an unlawful detainer action against Halajian in Fresno County Superior Court (Case No. 11CECL01998).  *Deutsche Bank Nat'l Trust Co. v. Halajian*, 2012 WL 1076218 at *1 (E.D. Cal. March 29, 2012) (No. 1:12-cv-00447-LJO-GSA).  On April 28, 2011, Deutsche Bank moved for summary judgment; Halajian did not oppose the motion.  *Id.*  The Superior Court granted the motion and entered judgment on May 5, 2011.  *Id.*  A writ of execution for restitution of the property issued on June 2, 2011.  *Id.*  On June 10, 2011, Halajian moved to set the judgment aside or, in the alternative, stay execution of judgment.  *Id.*  On June 13, 2011, the Superior Court denied the motion to set aside the judgment but stayed the writ of execution.  *Id.*  After a second motion to set aside the judgment was denied, Halajian appealed to the state appellate court on June 20, 2011.  *Id.*  On June 22, 2011, Halajian moved to stay enforcement of the judgment pending appeal.  *Id.*  On June 28, 2011, the Superior Court granted the motion to stay.

Halajian filed a new appeal on October 26, 2011.  *Id.*

On February 27, 2012, Deutsche Bank filed another unlawful detainer complaint against Halajian (12CECL01530).  *Id.*  On March 23, 2012, Halajian attempted to remove the case to federal court (Case No. 1:12-cv-00447-LJO-GSA).  *Id.*  The District Court remanded the action to Fresno County Superior Court on April 17, 2012.[1]  On or about May 10, 2012, the Fresno

---

[1] A court may take judicial notice of its own records in other cases.  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Case 1:12-cv-00798-LJO-SMS   Document 2   Filed 05/31/12   Page 5 of 17

County Superior Court entered judgment in favor of Deutsche Bank. *See Halajian v. Deutsche Bank Nat'l Trust Co.* (Case No. 1:12-cv-oo814-AWI-GSA), Doc. 13-2.

On May 16, 2012, Halajian filed a second federal complaint against Deutsche Bank National Trust Co., NDEX West LLC, JP Morgan Chase Bank N.A., and Whitney K. Cook. *Halajian v. Deutsche Bank Nat'l Trust Co.* (Case No. 1:12-cv-00814-AWI-GSA). On May 17, 2012, Halajian moved for an order temporarily restraining Deutsche Bank and the Fresno County Sheriff from evicting Halajian from the property. *Id.* at Doc. 13. The District Court denied Halajian's motion on May 18, 2012. *Id.* at Doc. 14.

II. **Dismissal on the Court's Own Motion**

"A trial court may dismiss a claim *sua sponte* under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). *Sua sponte* dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made *sua sponte*); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous *in forma pauperis* action *sua sponte* prior to service of process on defendants).

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient

facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). *See also Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

To the extent that Plaintiff alleges violations in the state unlawful detainer case, Plaintiff's claims are in the nature of an appeal from the underlying unlawful detainer action, based on alleged substantive and procedural improprieties. A federal district court lacks subject matter jurisdiction to hear an appeal of a state court judgment (the Rooker-Feldman Doctrine). *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). *See also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004). In the absence of unambiguous authority to the contrary, a state court is presumed to be an adequate forum in which to raise federal claims. *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). To challenge the order(s) or judgment(s) of the state court, a petitioner must file an appeal with the appellate division of the state court. *Feldman*, 460 U.S. at 482-86; *Rooker*, 263 U.S. at 415-16. Ultimately, appellate jurisdiction of state court judgments rests in the United States Supreme Court, not in the federal district court. 28 U.S.C. § 1257.

A federal complaint must be dismissed for lack of subject matter jurisdiction if the claims raised in the complaint are inextricably intertwined with the state court's decisions so that adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules. *Bianchi*, 334 F.3d at 898. Put another way, a claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it or if the relief requested


in the federal action would effectively reverse the state court's decision or void its ruling. *Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002).

This Court lacks subject matter jurisdiction over Plaintiff's claimed violations of constitutional and other federally protected rights in connection with the state court's adjudication of the unlawful detainer action. Accordingly, to the extent that Plaintiff seeks review of the underlying state action in federal court, those claims must be dismissed.

## IV.     Cognizable Claim

In determining whether a complaint fails to state a cognizable claim, a court applies substantially the same standard applied in motions to dismiss pursuant to F.R.Civ.P. 12(b)(6). *Gutierrez v. Astrue*, 2011 WL 1087261 at *1 (E.D.Cal. March 23, 2011) (No. 1:11-cv-00454-GSA). "The focus of any Rule 12(b)(6) dismissal . . . . is the complaint." *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998). A court must dismiss a complaint, or portion of a complaint, for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim(s) that would entitled the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). When a court reviews a complaint under this standard, it must accept as true the complaint's factual allegations (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pleadings in the light most favorable to the plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

///

///

A.     **Short and Plain Statement**

The sufficiency of a complaint is first determined by referring to F.R.Civ.P. 8(a) which requires that a civil complaint contain:

(1)   a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)   a short and plain statement of the claim showing the pleader is entitled to relief; and

(3)   a demand for the relief sought which may include relief in the alternative or different types of relief.

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The complaint must "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.*

Dismissal of a complaint is appropriate when it is overlong or indecipherable or both. *See, e.g., Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 776 (7th Cir. 1994) (observing that district court should have dismissed 119-page complaint, less-than-coherent complaint); *Gordon v. Green,* 602 F.2d 743, 744-45 (5th Cir. 1979) ("verbose, confusing, scandalous, and repetitious pleadings" do not comply with Rule 8's requirement of "a short and plain statement"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965) (affirming dismissal of complaint that was verbose, confused, and redundant); *Carrigan v. California State Legislature*, 263 F.2d 560, 564 (9th Cir.), *cert. denied*, 359 U.S. 980 (1959) (affirming dismissal of 186-page complaint filled with extraneous material); *Silver v. Queen's Hosp.*, 53 F.R.D 223, 225-27 (D. Hawai'i 1971)( dismissing an over-100-page complaint that

was a "confusing and foggy mixture of evidentiary statements, arguments and conclusory matter"); *Buckley v. Altheimer*, 2 F.R.D. 285, 286 (N.D. Ill. 1942) (dismissing 260-page complaint composed of 237 paragraphs consisting primarily of run-on sentences).  When a complaint is "argumentative, prolix, replete with redundancy, and largely irrelevant," dismissal is appropriate even if some allegations would have been cognizable. *McHenry v. Renne*, 84 F.3d 1172, 1175-78 (9th Cir. 1996).  Accordingly, the 180-page complaint in this case is properly dismissed solely for violating Rule 8 in that it is overlong, verbose, confused and redundant, consisting primarily of conclusory statements and legal argument.

       **B.**      **Principles of Pleading**

            **1.**      **Factual Allegations and Legal Conclusions**

Determining a complaint's sufficiency invokes two underlying principles of pleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  First, the Court must accept as true the well-pleaded factual allegations of the complaint. *Twombly*, 550 U.S. at 555.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and

///

conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*).

While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### 2. Plausible Claim for Relief

The second underlying principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. To permit the Court to determine that a complaint states a plausible claim for relief, based on the reviewing court's judicial experience and common sense, the well-pleaded facts must permit the court "to infer more than a mere possibility . . . . 'that the pleader is entitled to relief.'" *Id.*, *quoting* F.R.Civ.P. 8(a)(2). The Supreme Court explained:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

### V. Absolute Immunity

Absolute immunity has been granted to the President, judges, prosecutors, witnesses, officials performing quasi-judicial functions, and legislators. *Fry v. Melaragno*, 939 F.2d 832,

836 (9th Cir. 1991).  Accordingly, Plaintiff cannot pursue claims against Superior Court Judge Rosemary T. McGuire, who presided over the unlawful detainer action in state court.

## VI. Failure To Tender Indebtedness

Plaintiff's fails to tender in good faith, and admits his inability to tender, the amount owing on his loans.  Instead of tendering the amount due under the loan, Plaintiff alleges that his duty to pay the outstanding balance of the mortgage loan secured by the deed of trust was extinguished by his October 19, 2010 letter to Chase Home Finance, LLC., in which he conditionally offered to pay the full amount of money provided that Chase formally accept his offer.  *See* Doc. 1 at 153-158.  Since Chase failed to answer his letter, Plaintiff concluded that he need not pay the remaining amount due on the note secured by the deed of trust.

A tender is an *unconditional* offer of performance made with the intent to extinguish the obligation.  *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580 (1984) (*emphasis added*).  "A tender must be one of full performance and must be unconditional to be valid." *Id.* at 580, *citing*  California Civil Code §§ 1486 and 1494.  An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes.  *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (1971).

> [G]enerally, an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security.  This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed.  A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.
>
> *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021(1989)(*internal quotations and citations omitted.*)

///

"Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." *Rauer's Law & Collection Co. v. Sheridan Proctor Co.,* 40 Cal.App. 524, 525 (1919). Offering a note for the amount of the outstanding debt is not tantamount to tender of the full amount due absent an agreement between the parties. *Arnolds Management*, 158 Cal.App.3d at 580. Nor is it a valid tender to deposit of the amount due with the Clerk of Court accompanied by notice to the creditor that the amount due is available subject to its demand. *Rauer's Law*, 40 Cal. App. at 525. Where a borrower sent letters to the lender unaccompanied by the funds owed or documentation of its ability to pay, the lender reasonably declined to accept the tender. *In re SI-VA Tech, Inc.*, 35 Fed.Appx. 681, 684 (9th Cir. 2002). "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." *Sipe v. McKenna*, 88 Cal.App.2d 1001, 1006 (1948).

Not only does Plaintiff not allege a valid tender, he alleges that he lacks even the funds necessary to make the necessary copies of his complaint and serve the Defendants in this action. Doc. 1 at 94. The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. *Karlsen*, 15 Cal.App.3d at 118. Simply put, if the offeror "is without the money necessary to make the offer good and knows it," the tender is without legal force or effect. *Id.* "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." *United States Cold Storage v. Great Western Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224 (1985).

"It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); *see also Mix v. Sodd*, 126 Cal.App.3d 386, 390 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974) (trustor is unable to quiet title "without discharging his debt").

Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal.App.2d 791, 796 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen,* 15 Cal.App.3d at 117.

Nonetheless, Plaintiff contends that California Civil Code § 1485 relieved him of the duty to pay the loan in the absence of a response from Chase and urges the Court to rely on various provisions of the Uniform Commercial Code rather than the statutes governing deeds of trust. Analyzing "trust deed nonjudicial foreclosure sales issues in the context of common law contract principles" is "unhelpful" given "the comprehensive statutory scheme regulating nonjudicial foreclosure sales." *Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal.App.4th 807, 820-21 (2003). In any event, a debtor's tender will not extinguish its obligation to pay the lender unless the funds are unconditionally available to the lender and beyond the debtor's control. *SI-VA Tech*, 35 Fed.Appx. at 684.

///

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154, 1165 (1988). The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Id.*

## VII. Foreclosure Sale Presumption

Plaintiff fails to allege facts sufficient to overcome the presumption of the foreclosure sale's validity.

> A real property loan generally involves two documents, a promissory note and a security instrument. The security instrument secures the promissory note. This instrument entitles the lender to reach some asset of the debtor if the note is not paid. In California, the security instrument is most commonly a deed of trust (with the debtor and creditor know and trustor and beneficiary and a neutral third party known as trustee).

*Alliance Mortgage Co. v. Rothwell,* 10 Cal.4th 1226, 1235 (1995), *quoting* Bernhardt, California Mortgage and Deed of Trust Practice (Cont. Ed. Bar 2d ed. 1990) § 1.3 at 5 (*italics and internal quotations omitted*).

"Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller v. Lien*, 25 Cal.App.4th 822, 830 (1994). *See also McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236-37 (1930). "The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. It includes a myriad of rules relating to notice and right to cure." *Moeller*, 25 Cal.App.4th at 834. The statutory provisions cover every aspect of the lender's exercise of the

///

power of sale clause contained in a deed of trust. *I.E. Assoc. v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285 (1985).

"A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender." *Moeller*, 25 Cal.App.4th at 831 "A nonjudicial foreclosure sale is accompanied by a common law presumption that it 'was conducted regularly and fairly.'" *Melendrez v. D & I Investment, Inc.*, 127 Cal.App.4th 1238, 1258 (2005), *quoting Brown v. Busch,* 152 Cal.App.2d 200, 204 (1957). "This presumption may only be rebutted by substantial evidence of prejudicial procedural irregularity." *Melendrez*, 127 Cal.App.4th at 1258. To challenge foreclosure, "it is necessary for the complaint to state a case within the code sections for which reason it is essential to allege the facts affecting the validity and invalidity of the instrument which is attacked." *Kroeker v. Hurlbert,* 38 Cal.App.2d 261, 266 (1940).

In an overlong and convoluted analysis of the federal mortgage banking system and the secondary market, Plaintiff repeatedly contends that the nonjudicial foreclosure sale of his property was improper because Defendants did not hold the "genuine original wet ink signature note." In California, there is no requirement that a trustee produce the original promissory note prior to a nonjudicial foreclosure sale.[2] *See, e.g., Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1186 (N.D.Cal. 2009); *Gontenas v. Household Finance Corp. of California*, 2011 WL 3583400 (N.D. Cal. August 12, 2011) (No. C 11-02633 CW); *Smith v. Wachovia*, 2009 WL 1948829 at *3 (N.D.Cal. July 6, 2009) (No. C 09-01300 SI); *Neal v. Juarez*, 2007 WL 2140640 at *8 (S.D.Cal. July 23, 2007), *aff'd*, 301 Fed.Appx. 683 (9th Cir. 2008); *California*

---

[2] Because *In re Veal*, 450 B.R. 897 (B.A.P. 9th Cir. 2011), addressed the law applicable to a loan made in Arizona for property located in Illinois, Plaintiff's reliance on it is misplaced.

*Trust Co. v. Smead Inv. Co.,* 6 Cal.App.2d 432, 435 (1935). As a result, the absence of an original promissory note does not invalidate a foreclosure. *Pantoja*, 640 F.Supp. at 1186; *Neal*, 2007 WL 2140640 at *8; *California Trust*, 6 Cal.App.2d at 435. Nor is the original promissory note necessary for a trustee to validly assign a deed of trust to another trustee. *R.G. Hamilton Corp. v. Corum*, 218 Cal. 92, 95-96 (1933). Plaintiff's contentions that the foreclosure sale was invalid in the absence of the original note are without merit.

## VIII. Absence of Good Faith

Since the complaint's claims are insufficiently pleaded and barred as a matter of law, Plaintiff is unable to cure his claims by allegation of other facts. Accordingly, granting an opportunity to amend the complaint would be inappropriate. Moreover, this Court surmises that Plaintiff brought this action in absence of good faith and seeks to exploit the court system solely to vex defendants and further prolong the unlawful detainer process.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915). *See also Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (a court has the inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). The complaint demonstrates Plaintiff's blatant disregard for the equity system on which he purports to rely, as illustrated by Plaintiff's attempt to avoid paying $165,000.00 owed to his lenders through an ill-conceived attempt at legal sleight of hand. Plaintiff's baseless attempt to delay his eviction from the property that he no longer owns is frivolous and malicious, and provides grounds to dismiss this action.

///

## IX. Conclusion and Order

For the reasons discussed above, this Court hereby DISMISSES this action without prejudice. The Clerk of Court is directed to enter judgment against Plaintiff Barry Halajian and in favor of Defendants, and to close this action.

IT IS SO ORDERED.

Dated:   May 30, 2012                             /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE